**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 95-5941

MASON DEWEY HALL,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-95-91)

Submitted: July 25, 1996

Decided: August 19, 1996

Before LUTTIG and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Carlton Ingram, Jr., FLOYD, ALLEN & JACOBS, L.L.P.,
Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, David Bernard Smith, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mason Dewey Hall pled guilty to conspiracy to possess marijuana with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1996). He appeals his 37-month sentence, alleging that the district court clearly erred in determining that he transported 180 pounds of marijuana from Texas to Virginia. United States Sentencing Commission, Guidelines Manual § 2D1.1 (Nov. 1995). We affirm.

Between 1993 and 1995, Paul Lilly and James Hodges bought marijuana in Texas and moved it to Virginia where it was sold. Their suppliers were Jesse Baca and Mario A. Zunzunegui. Hall participated by allowing his van to be used to transport the marijuana. He made at least two trips to Texas for this purpose. Before Hall's presentence report was prepared, the government interviewed Zunzunegui and Lilly. Based on the information they provided, the probation officer recommended that Hall be held responsible for 180 pounds of marijuana which he transported to Virginia in March 1994.

At Hall's sentencing hearing, Zunzunegui testified that in March 1994 he placed 200 pounds of marijuana in Hall's van for transportation from El Paso, Texas, to Virginia, but that 20 pounds were missing when it was unloaded. James Hodges testified that he witnessed the unloading of 205 pounds of marijuana which Hall had brought from Texas. Hodges, who was in custody, also said that Hall had contacted his wife during the previous week and told her that he wanted Hodges to testify that he had transported only 50 pounds of marijuana.

Paul Lilly testified that Hall transported only 40-50 pounds. However, he professed uncertainty about many other events as well as concern that his cooperation with the government to that point had earned him a bad reputation among his associates. Defendant Hall tes-

2

tified that he had expected to deliver 200 pounds in March 1994, but that Zunzunegui had only 50 pounds available.

The district court found the testimony of Hodges and Zunzunegui generally consistent and credible; the court deemed Lilly's testimony unreliable and implicitly rejected Hall's as well. The court found by a preponderance of the evidence that Hall had transported 200 pounds of marijuana. We review the district court's factual finding for clear error. United States v. Ricco, 52 F.3d 58, 62 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3247 (U.S. Oct. 2, 1995) (No. 95-5502). Given the district court's assessment of the credibility of the witnesses, its finding was not clearly erroneous.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3